## THE STATE vs. CHARLES GAGER.

The act of 1857, which provides a penalty for the disturbance of " any district school, or any public, private or select school, while the same is in session," embraces a " singing school," or school for instruction in sacred music.

Whether such a school may be regarded as an "assembly of people met for the promotion of a moral or benevolent object," within the statute, (Rev. Stat., tit. 6, sec. 145,) which provides a penalty for the disturbance of such an assembly : *quere.*

DEMURRER to a criminal information.    The case is suffi-ciently stated in the opinion of the court.

*Wait,* (with whom was *Brandagee,*) in support of the demurrer.

*Willey,* (state attorney,) and *Crocker,* contra.

HINMAN, J.    This is an information against the defendant, by a grand juror of Bozrah, for interrupting and disturbing a singing school.    It however charges the defendant with having, on the 25th day of December, 1857, at said Bozrah, interrupted and disturbed " an assembly, school, and meeting of people then and there met and assembled together, in said town of Bozrah, for the promotion of a moral and be-nevolent object, viz.: a certain singing school kept and taught for culture and improvement in sacred and church music," &c.    And the defendant's counsel raise the question whether this offense comes within the 145th section of the statute concerning crimes and punishments, (Rev. Stat., tit. 6,) which makes it a crime to willfully interrupt or dis-turb any assembly of people, met for the promotion of any moral or benevolent object.

We have not considered it of any importance whether the information charges the commission of a crime under this statute or not, because by the act of 1857, (page 29 of the acts of that year,) it is made a crime to disturb any dis-trict school, public, private, or select school, while the same is in session, &c., and we are all of opinion that a singing

school, for instruction in sacred and church music, is within both the letter and spirit of this law. It follows, of course, that the information is sufficient if it charges a criminal breach of either of these laws. It is true that the punishment may be more severe under the former statute than under the act of 1857, but this does not affect the question as it stands before us, upon demurrer to the information; and if the defendant should have imposed upon him a greater fine than is prescribed for the latter offence, he will then have a right to try the question whether he is liable to the punishment prescribed for the former offence.

We advise the superior court to render judgment that the information is sufficient.

In this opinion the other judges concurred.

Information sufficient.