Sanford, J.
Under the judge’s charge, the jury must have found the accused guilty of the offense described in the act of 1857, chapter 29, which provides that every person who shall at any time willfully interrupt or disturb any-district school, or any public, private or select school, while the same is in session, shall pay a fine,” &c. In the case of The State v. Gager, 26 Conn., 607, this court decided that a singing school, kept and taught for culture and improvement in sacred and church music,” is a school, within the meaning, and is entitled to the protection, of that statute. But in the case now before us, the accused contends that the information does not charge [ *235 ] *the interruption or disturbance of such a school, and we think he is right.
That the assemblies designated in, and intended to be protected by, the statute under consideration, are all of the same character in this respect, that they all require a master or instructor who teaches, and pupils who receive instruction at his hands, is manifest from the structure of the act, the immediate connection in the same sentence of all the kinds or classes of schools enumerated in the act, and the consideration that the same penalty is provided for the interruption or disturbance of each of them. The term 44 district school ” has in Connecticut a definite, settled and well understood signification, and to every intelligent mind conveys the idea of an assembly of pupils, under the government, control and instruction of a master, teacher or instructor; and the same idea is communicated to the mind by the terms 44 public school,” “'private school ” and 44 select school.” These schools may differ from each other in all other respects, but, in this one point, that they have teachers and pupils, they are all alike. Indeed the term school ” alone, according to American usage, more generally denotes the collective body of pupils in any place of instruction, and under the direction and discipline of one or more instructors. Webster’s Diet., in verbuin.
In Charles Gager’s case, the assembly interrupted was described as a certain singing school kept and taught,” Spc., thus implying the presence of a master, teacher or instructor, *193 and of pupils, learners or scholars, assembled in one place, and in the exercise and enjoyment of their respective and correlative duties and privileges. In this case the species of the assemblage is indicated only by the object for which the individuals are alleged to have assembled—to wit, “ for culture and improvement ”—not, in “ a singing school kept and taught,” but, it may be, in a social gathering at a neighbor’s house, where the culture and improvement is sought for in, and results from practice, and not.from the precepts or instructions of a teacher. Meetings of this kind, for mutual culture and improvement in sacred and church music, are, we suppose, of frequent occurrence in every neighborhood, and it would be *an abuse of language to call such meetings “ schools.” [ *236 ] If the prosecutor intended to charge the disturbance of a school of either of the kinds mentioned in the statute, he should have said so in unequivocal terms, instead of leaving it to be made out by inference or conjecture.
But if the assembly charged to have' been interrupted and disturbed was a school within the meaning of the act of 1857, still the information is fatally defective, because it contains no averment that such school was in session at the time of the interruption complained of. It is only while such schools are “ in session,” that they are protected by the penalties of the act. The allegation in the information is that the accused did interrupt and disturb an assembly, &c., met and assembled together for culture and improvement, &c. Now there is a clear distinction between the assembling together of the individual members of a collective body, and their due organization in such body. All the pupils of a school may have assembled in their school room, ready to enter upon the duties of the day ; their teacher also may be there; and yet it may be that the school is not “ in session.” • All the members of the House of Representatives may have assembled, and the speaker be present, but until he shall have taken his seat, and declared, or in some way indicated, the readiness of the house to proceed to business, the house is not “ in session.” Indeed, the legislature recognizes this distinction, when, in express terms, it provides for the protection of a school against disturbance only “ while the same is in session.” Crandall v. State, 10 Conn., 339. State v. Bromley, 25 Conn. 6. It is true that this information is in this respect like the information in Charles Gager’s case, but this point was not made by the counsel in that case, nor adverted to by the court.
Nor is a meeting for culture and improvement in sacred and church music an assembly “for the promotion, of any moral or *194 benevolent object,” ■within the 145th section of the. statute relating to crimes and'punishments. . The object of such a meeting is musical education, not moral training—the acquisition of skill, not-the’ dispensation of charities. .
The information is insufficient, and’the motion in arrest must prevail.
In this opinion the other judges concurred-; except Ellsworth, J., who did nob sib in the case, having' sat upon the trial below.
Information insufficient.