THE STATE *v.* SNYDER.

In a prosecution for disturbing a religious meeting, the question whether the society is "met together" or dispersed, after the benediction, shall go to the jury, upon proper instructions as to the protection afforded by the statute.

APPEAL from the *Cass* Court of Common Pleas.

*Saturday, June 9.*

WORDEN, J.—Information against the appellee for disturbing a religious society and its members, when met together for public worship. Trial; verdict and judgment for the defendant.

The information is founded on § 37 of the act defining misdemeanors (2 R. S. p. 437), which provides that "if any person shall disturb any religious society, or any member thereof, when met or meeting together for public worship, * * * such person shall be fined," &c.

On the trial, the state proved that there was a religious society convened at a schoolhouse, for the purpose of religious worship, at which the defendant was present; that religious services were performed. The state then offered to prove that after the benediction had been pronounced, and while the members of the society, or the greater part of them, remained at the door of the house, the defendant disturbed the society and its members by striking one *Abram Zerfis*, the preacher of the society, and talking to him in a rude, boisterous, and insulting manner; but the Court refused to permit the evidence to be given, and decided that no evidence should be given of any of the acts of the defendant after the benediction in the religious services had been pronounced, and the congregation had passed out of the house where the services were had.

To this ruling the state excepted.

We are of opinion that the Court erred in excluding the evidence offered. The statute furnishes its protection to the society and its members, as long as they are "met together," for the purpose indicated. The point of time when they should be considered as being met together, or when they should be considered as having dispersed, we

regard as a question of fact, or, perhaps, a mixed question of law and fact, rather than a pure question of law; and we are not prepared to say, as a matter of law, that the society should not be considered as having been still "met" when the acts alleged were committed. We think the evidence should have gone to the jury, who, under a proper instruction of the Court as to the extent of the protection afforded by the statute, should have determined, as a question of fact, whether the society were still met, or whether they should be considered as having dispersed.

*Per Curiam.*—The appeal is sustained at the costs of the appellee.

*J. Guthrie*, for the state.

*J. R. Flynn*, for the appellee.