## THE STATE v. LUSK.

DISTURBANCE OF RELIGIOUS MEETING.—*Evidence.*—In a prosecution under section 1, 2 R. S. 1876, p. 472, for disturbing a religious meeting, the State is not limited to proof that the defendant disturbed the collection of inhabitants referred to in the indictment, while they were engaged in religious worship, but is entitled to show any thing which such defendant did tending to make a disturbance at any time while the congregation remained assembled together after having met for religious worship. The protection of the statute does not cease with the benediction of the minister, but continues until an actual dispersion takes place.

APPEAL BY STATE. —*Reserved Question.—Supreme Court.*—Where, in a criminal case, the State appeals to the Supreme Court upon a specific question reserved under the provisions of section 150, 2 R. S. 1876, p. 411, such court is not authorized to consider any question other than the one so reserved, upon such appeal.

From the Washington Circuit Court.

*T. W. Woollen,* Attorney General, and *F. L. Prow,* Prosecuting Attorney, for the State.

*D. M. Alspaugh* and *J. C. Lawler,* for appellee.

NIBLACK, J.—Harper Lusk, the appellee, was indicted in the court below, for molesting and disturbing a " certain collection of divers inhabitants of the State of Indiana, then and there met together for religious worship, by then and there unlawfully stamping with his feet, talking

loudly, and by throwing open the door of the church in which said meeting was being held." 2 R. S. 1876, p. 472, sec. 1.

Upon a trial by a jury, the appellee was acquitted of the offence thus charged against him.

During the progress of the trial, one Benjamin F. Peugh was introduced as a witness on behalf of the State, and the prosecuting attorney asked him a question as follows:

" What did defendant, Harper Lusk, do or say at the door of the church after the benediction by the minister, and after the congregation had been dismissed, and before the audience had dispersed?"

To which question counsel for the defendant objected, upon the ground that the meeting could no longer be considered as met together after the benediction, and the court sustained the objection thus urged, and refused to permit the question to be asked of the witness.

The State excepted, and reserved a question of law upon that decision of the court, and has appealed to this court upon the question of law thus reserved.

The State in this case was not limited to proof that the appellee molested and disturbed the collection of inhabitants referred to in the indictment, while they were engaged in religious worship, but was entitled to show any thing which the appellee did tending to make a molestation or disturbance at any time while the congregation remained assembled together, after having met for religious worship. The protection afforded by the statute did not cease with the benediction of the minister, but continued until an actual dispersion of the meeting took place. In this view we are sustained by the case of *The State* v. *Snyder,* 14 Ind. 429, which, though decided under a different statute, is regarded by us as analogous in principle to the case before us.

Counsel for the appellee, nevertheless, insist that the question propounded to Peugh was properly ruled out for

a reason different from that assigned by them in their objection to that question in the court below, and cite authorities to sustain their additional objection thus made for the first time in this court.

We are of the opinion, however, that we are not authorized to consider, upon this appeal, any question not made and reserved upon the trial below, this appeal being only upon a specific question reserved by the State. 2 R. S. 1876, p. 411, sec. 150.

We are consequently led to hold that the court erred in its refusal to permit the prosecuting attorney to ask the question of the witness, Peugh, as above stated.

The appeal is sustained, at the costs of the appellee.