## STATE *v.* EMERSON AUSTIN.

*To " become " intoxicated not a crime under R. L. s. 3812.*

The complaint alleged that the respondent "became and was intoxicated by the use of intoxicating liquor." *Held*, on demurrer, that no crime was charged; that R. L. s. 3812 made it an offence to *be found*, but not to *be* intoxicated.

This was the complaint of a town grand juror, which came by appeal into the County Court, and was there heard on demurrer at the April Term, 1889, POWERS, J., presiding. The demurrer was overruled and the respondent excepted. The point raised and decided appears in the opinion.

*Bullard & Parker*, for the respondent.

The word "found" in the statute is material and constitutes the gist of the offense, which is something more than merely being intoxicated. Acts 1888, No. 36, s. 1; *State v. Deavitt*, 47 Vt. 228; Bennett's Vt. Justice, 535; *State v. Bromley*, 25 Conn. 6; Bish. Stat. Cr. s. 980.

The complaint should charge the very language of the statute. *State v. Janes*, 33 Vt. 443; *State v. Cook*, 38 Vt. 437; *State v. Dailey*, 41 Vt. 564; *State v. Deavitt*, 47 Vt. 289; 2 Hawk. P. C. c. 25, s. 110 and note 2, and s. 111 and note 3.

*D. J. Foster*, State's Attorney, for the State.

The opinion of the court was delivered by

TAFT, J. The complaint against the respondent is that he "became and was intoxicated by the use of intoxicating liquor," etc. The point made under a demurrer to the complaint is that he is not charged with having been "found" intoxicated. Was the latter allegation necessary? The first act of our modern legislation on the subject of intoxication was s. 2, act No. 2, Session Laws of 1855, which imposed a penalty upon one, in the words of the statute, who "becomes" intoxicated. In the Gen-

State *v.* Austin.

eral Statutes which took effect August, 1863, the wording of the act was changed, imposing a penalty. upon one who is "found" intoxicated. G. S. c. 94, s. 10. This wording has remained in the statute until the present time. R. L. s. 3812. What was the object of changing the phraseology of the statute unless it was to change the nature of the offense ? Making that intoxication only a crime, which is seen or witnessed by another. In Bennett's Vt. Justice, 535, it is stated that it is a crime *to be found* intoxicated, italicising the words " to be found," thus indicating the views of that eminent jurist, the compiler of the General Statutes. The construction contended for by the respondent has been given a similar statute in Connecticut, *State* v. *Bromley*, 25 Conn. 6. To become intoxicated is not a crime, *to be found* so, is one.

*Judgment reversed, demurrer sustained, complaint adjudged insufficient and quashed, respondent discharged.*

At the same term, *State v. Hawley*, involving the same question, was heard and like disposition made of it.