## STATE v. CHARLES WHEELER.

*Complaint cannot be amended like information.*

1.  The complaint of a grand juror cannot be amended in matter of substance in the Appellate Court.

2.  A complaint alleging that the respondent "became and was" intoxicated is defective in matter of substance and cannot be amended in the County Court so as to read "was found" intoxicated.

This was a complaint of a town grand juror and came by appeal from the judgment of a justice into the County Court, where it was heard at the December term, 1891, Thompson, J., presiding.  The complaint alleged :

"That Charles Wheeler, of Hyde Park, in the County of Lamoille, and State of Vermont, on the 7th day of August, A. D. 1891, at Morristown, in said County of Lamoille, did with force and arms become and was intoxicated, by drinking intoxicating liquor, contrary to the form and effect of the statute, in such cases made and provided, and against the peace and dignity of the State."

The State moved to amend the complaint by inserting the word " found " so that it would read " became and was found " intoxicated, and the amendment was allowed.  To this action of the court the respondent excepted, and the exceptions were passed to Supreme Court before trial.

*P. K. Gleed,* for the respondent.

The court had no power to allow the amendment.  *State* v. *Stokes,* 54 Vt. 179.

*J. W. Page, Jr.,* State's Attorney, for the State.

The opinion of the court was delivered by

ROWELL, J.  That the amendment was matter of substance is shown by *State* v. *Austin,* 62 Vt. 291.  It was not,

therefore, authorized by R. L. 3857, for that does not authorize amendments as to matters of substance.　Nor was it authorized by sec. 2, No. 86 of the Acts of 1882, for conviction could not be had without the amendment, hence it was "material to the merits of the case," and the respondent would be "prejudiced thereby in his defence."　We must look, then, to the common law for warrant to allow it, and it is not allowable there unless within the rule laid down in *State* v. *White, ante* 372, in respect of amending informations.　But there is a material difference.　In the case of informations, the informing officer is in court in person, prosecuting the case, and can, therefore, himself amend, with leave.　But this complaint is made under the official oath of a grand juror, and he is not prosecuting in the Appellate Court, but the State's Attorney has control of the case there, and therefore the complaint cannot be amended there in matters of substance, for the same reason that an indictment cannot be thus amended, as it is found on the oath of a grand jury, and therefore ought to be amended only by the grand jury, which cannot be done, as they are not in court for such a purpose.

The argument that the insertion of the names of the witnesses in the body of the complaint is equivalent to an allegation that the respondent was found intoxicated, is not tenable, for it is obvious that the insertion was not intended as a part of the pleading, but only as a compliance with the statute requiring a memorandum of the names of the witnesses in support of the prosecution to be subjoined to the complaint.

*Exceptions sustained, amendment disallowed, and cause remanded.*