*Nathan W. Littlefield & Walter R. Stiness*, for respondent.

# WASHINGTON.

## JOSEPHINE E. DOUGLASS *vs.* GEORGE F. BARBER.

The interruption or disturbance of a school in violation of Pub. Stat. R. I. cap. 241, § 7, is a breach of the public peace for which an offender may be arrested by an officer without a warrant when committed in his presence.

The interruption or disturbance of a school within the meaning of the statute includes not only acts which disturb the school while in session, but also those which prevent the school from assembling

Where an officer arrests a person without a warrant for an offence committed in his presence, the law requires him to make a complaint for the offence, but does not require him, in order to justify such arrest, to procure a complaint and warrant for the offence so committed. If he makes the complaint, the fact that the magistrate does not issue a complaint and warrant thereon cannot make the officer a trespasser.

A mittimus setting forth the offence, the plea, and the order that the respondent give recognizance or stand committed until the order is performed, is in the usual form under the practice in Rhode Island, and is not defective in not stating that the commitment was for failure to give recognizance.

PLAINTIFF'S petition for a new trial.

*Providence, January* 24, 1894.　STINESS, J.　This is action of trespass for an alleged illegal arrest, which the defendant justifies in a special plea setting forth that the plaintiff, at the time of the supposed trespass, had entered a school house in the town of Exeter, locked the door from the inside, and was detaining possession of said school house, thereby preventing the teacher and scholars of said school from entering therein;

and the defendant, being an officer of the law, to wit, a constable, thereupon arrested the plaintiff and took her before the justice of the District Court, where a warrant was issued, upon which she was arraigned and committed. The case is before us on exceptions to the refusal of the judge to charge the jury as requested at the trial.

The first request was to charge the jury that if the plaintiff took possession of the school house and was ejected before the school was called to order and before school time, she was not guilty of a misdemeanor. The third request may also be considered with the first. It was this: "If the complainant took peaceable possession of the school house and locked the doors, so as to keep the teacher and scholars out, and stayed inside, making no threats and using no violence to retain possession, then the defendant had no right to arrest her and carry her to Wickford, but did have a right to remove her from the school house properly, and that only."

Pub. Stat. R. I. cap. 241, § 7, provides a punishment by fine or imprisonment for persons who wilfully interrupt or disturb any public or private school.[1] From the nature of the offence, which violates public order and interferes with public and personal rights, as well as the specification of the offence in the statutes under the head of "Offences against the public peace and property," it is clear that the interruption or disturbance of a public school is a breach of the public peace, for which an offender may be arrested by an officer without a warrant when the act is done in his view. 1 Bishop on Criminal. Procedure, §§ 169–183, and notes; 1 Amer. & Eng. Encyc. Law, 734 and notes; 1 Burn's Justice, Tit. Arrest; *Commonwealth* v. *Tobin*, 108 Mass. 426. The requests to charge are based upon the claim that the acts of

---

[1]As follows:

Sec. 7. Every person who shall wilfully interrupt or disturb any town or ward meeting, any assembly or people met for religious worship, any public or private school, any meeting lawfully and peaceably held for the purposes of moral, literary or scientific improvement, or any other lawful meeting, exhibition or entertainment, either within or without the place where such meeting or school is held, shall be imprisoned not exceeding one year or be fined not exceeding five hundred dollars.

the plaintiff in this case amounted only to a trespass or forcible entry and detainer. But we think that they were more, and that they amounted to a violation of the statute. To interrupt and disturb a school necessarily includes not only acts which disturb the school while in session but also those which prevent the school from assembling. A school is as much interrupted or disturbed by preventing the assembly, as by breaking it up after it is assembled. The statute is aimed at the protection and peaceable conduct of schools. The fact of calling to order, therefore, is without significance. It would be a very narrow construction of the statute, which could neither be justified by its purpose or language, to say that a disorderly act after a school had been called to order would be an interruption or disturbance of the school and an offence; but one which prevented both the holding and calling to order of the school would not be an interruption or disturbance and so no offence at all. Accordingly, we find that similar statutes relating to religious meetings have been held to extend protection "to the assemblage when it is in the act of gathering together at the place appointed for worship; while the exercises are in progress; and until there is a dispersion of the persons who have come together, and they cease to be an assemblage or congregation." *Lancaster* v. *State*, 53 Ala. 398; *Dawson* v. *State*, 7 Tex. App. 59; *State* v. *Lusk*, 68 Ind. 264; *State* v. *Ramsay*, 78 N. C. 448; *Williams* v. *State*, 3 Sneed, (Tenn.) 313. In *State* v. *Gager*, 28 Conn. 232, cited by the plaintiff, the statute provided only for the disturbance of a school "while the same is in session," and the court followed the language of the statute. Of course it is not to be understood that disorderly conduct in a school house, so long a time before or after school hours as not to interfere with the assembly or session of the school, would be a violation of the statute. But that is not this case. It appears from the record that near school time the teacher and a number of scholars arrived; the teacher tried to enter the school house, but the plaintiff prevented her, and then she was obliged to send for help. The defendant came, who, after a demand of entrance by him and refusal by the

plaintiff, was obliged to break open the door. Not only might all this take enough time to go beyond the usual hour, but it was sufficient to show an interruption and disturbance in the assembling of the school. The requests to charge, therefore, were too broad and were rightly refused.

The second request was to charge that an officer arresting a person without a warrant for a crime committed in his presence must, in order to justify such arrest, procure a complaint and warrant for the identical offence so committed. It appears that the plaintiff had been guilty of disturbing the school while in session, on the day before her arrest; that the defendant took her before the judge of the District Court and made complaint for the same offence which he had seen that morning, and for which he had arrested her. The district judge, not being sure that locking the teacher and scholars out of the school house was a breach of the peace, thought it best to make out a complaint and warrant for the disturbance on the previous day, and did so. Undoubtedly the law requires an officer who makes an arrest without a warrant, to make a complaint for the offence, and this the officer did. He has no control over the magistrate, and having made the complaint, he can do no more. If he was justified in the arrest, the action of the magistrate can not make him a trespasser, and we know of no decision which goes to that extent. We think, therefore, that the failure of the officer to *procure* a complaint and warrant for the offence committed in his presence was not decisive of his justification in the arrest, and that the request so to charge was rightly refused.

The fourth exception was upon a refusal to rule that the mittimus was fatally defective in not stating that the commitment was for failure to give recognizance. The record shows that the mittimus set forth the offence, the plea, and the order that the respondent give recognizance or stand committed until the order is performed. The record of the case and the jailer's book show that the plaintiff was committed for want of recognizance, and the defendant was entitled to show the fact that the mittimus was properly issued.

Moreover, as it was in the usual form under the practice in this State and conformed, substantially, to the statute, Pub. Laws R. I. cap. 598, § 20,[1] the request to charge was properly refused.

*Exceptions overruled.*

*Albert B. Crafts*, for plaintiff.

*Dexter B. Potter*, for defendant.

---

[1]As follows:

SEC. 20. In every case in which a district court shall require the accused to give recognizance for his appearance before some court, and in which he shall not give such recognizance, the accused shall be forthwith committed to the jail in the county in which such district court is, there to remain until he shall give such recognizance or be discharged pursuant to law.