# IN THE MATTER OF SHIGEMATSU UMENO.

## March 7, 1910.

*Due process of law—Proceedings under immigration act—Conclusiveness and finality:* An alien woman who had presumably entered the United States lawfully, was ascertained to be practicing prostitution within three years thereafter, was arrested, accorded a hearing and ordered to be deported under section 21 of the immigration act of February 20, 1907, 34 Stat. L. part 1, 898, and rule 35 of the regulations of July 1, 1907, relating to immigration. *Held,* that such proceedings constituted due process of law, and were conclusive and final, subject only to the authority of the courts in *habeas corpus* when the findings are against the alien and are repugnant to his rights under the Constitution and laws.

*Admissions as evidence—Habeas corpus proceedings:* Admissions of alien women at a hearing under such proceedings are, in the absence of improper means for procuring them, legal evidence, and a court in *habeas corpus* proceedings may not review such evidence as to its conclusiveness.

*Construction of word—"Found an inmate":* The word "found" in the sentence "found an inmate of a house of prostitution or practicing prostitution," section 3 of the act of February 20, 1907, construed to be covered by the words *ascertained to be.*

*Applicability of Keller case to proceedings complained of considered:* The proceedings complained of *held* not within the rule of the case of *Keller v. United States,* 213 U. S. 138, which found that the act making the harboring of alien prostitutes a felony was unconstitutional in its application to the harboring of such persons in a State because it was an assumption of the police power, which is reserved to the States by the Constitution,—the Hawaiian Islands being a Territory under the control of Congress, and this case being a civil proceeding.

*Habeas Corpus*: Petition for writ.

*E. C. Peters* and *F. W. Milverton,* Attorneys for Petitioner.
*Thompson & Clemons,* Attorneys for Respondent.

Dole, J. The petitioner, being restrained of her liberty at Honolulu by H. Hackfeld & Company, Limited, by virtue of proceedings under the act of Congress of February 20, 1907 (34 Stat. L. 899),—and more especially under the provisions of section 3 thereof, whereby an alien woman or girl "found an inmate of a house of prostitution, or practicing prostitution,

at any time within three years after she shall have entered the United States, shall be deemed to be unlawfully within the United States, and shall be deported as provided by sections 20 and 21 of this act,"—applied to this court for a writ of *habeas corpus* on the grounds·that there was no evidence tending to show that she had been found an inmate of a house of prostitution or found practicing prostitution within three years after her arrival within the United States; also that she is indicted for certain alleged acts of adultery which correspond as to time with the charges in such proceedings for deportation, and are based on the same evidence, which indictments are still pending; also that the third section of the said act, so far as it provides for deportation of alien women found inmates of houses of prostitution or practicing prostitution within three years after their arrival in the United States, is uncontitutional and void, being contrary to the Fifth Amendment of the Constitution, in that it deprives such aliens of liberty without due process of law; and is contrary to the Eighth Amendment of the Constitution, in that it inflicts cruel and unusual punishment; and is contrary to the Ninth and Tenth Amendments and section 8 of Article First of the Constitution, in that Congress is without power to legislate relative to the deportation of resident aliens rightfully entering the United States; and is contrary to Article Sixth of the Constitution, as violating the treaty rights of subjects of Japan residing in the United States.

The return of the respondent generally justifies the restraint by virtue of proceedings entered into under the said act of Congress, and the arrest of the petitioner under authority of a certain warrant or order of deportation issued by the Department of Commerce and Labor, which warrant and order of deportation was on the ground that the petitioner had, within three years after her arrival, practiced prostitution in the United States, and was made after due hearing of the charge of prostitution, of which she had notice and at which she was present and represented by counsel.

Counsel for petitioner offers the following propositions of law:

1.   Are the findings of the Secretary of Commerce and Labor relative to aliens conclusive?

2.   Are the admissions alone of aliens relative to acts of prostitution sufficient to warrant deportation?

3.   Does the method provided in the act of February 20, 1907, for the deportation of aliens who shall be found inmates of houses of prostitution, etc., constitute due process of law?

4.   Is a resident alien subject to deportation while under bond with sureties to appear and answer an indictment pending in a federal court?

Taking up the third question, the act of February 20, 1907 (34 Stat. L. 899), provides that "in case the Secretary of Commerce and Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came, as provided by section twenty of this act." Section 22 of the act empowers the Commissioner General of Immigration, under the direction of the Secretary of Commerce and Labor, to "establish such rules and regulations, prescribe such forms of bond, reports, entries, and other papers, and shall issue from time to time such instructions not inconsistent with law, as he shall deem best calculated for carrying out the provisions of this act, and for protecting the United States and aliens migrating thereto from fraud and loss."

Under this authority, the Commissioner General of Immigration, with the approval of the Secretary of Commerce and Labor, established regulations, the thirty-fifth rule of which gives instructions for carrying out sections 20 and 21 of the said act, providing for warrants of arrest based on information to be furnished to the Secretary of Commerce and Labor from

immigration officers, relating to aliens suspected of being unlawfully in the country, and authorizing the Secretary, where it appears to him that the alien who is arrested and whose deportation is sought, is in the United States unlawfully, and that the time within which he can be deported has not expired, to issue a warrant for his arrest "directing that he be taken before an officer or officers named therein and there be given full opportunity to show cause, if there be any, why he should not be deported, and as soon as arrested said alien shall be apprised of his right to be represented by counsel and he and his counsel shall have the right to inspect all the evidence upon which the Secretary has acted in directing said alien's arrest, and be given an opportunity to offer evidence and submit an argument in his behalf, and to be given an opportunity to inspect and make a copy of the report of the hearing and of the findings of the officers before whom it is held."

The transcript of the proceedings at the hearing under the warrant of arrest was admitted in evidence, from which it appears that the petitioner, with her counsel, was present and was questioned and allowed to refuse to answer any questions (as advised by counsel) which might tend to criminate her, and the hearing was conducted as trials are usually conducted before a court. There is no question in my mind but that these proceedings constituted due process of law, the provisions of the rule being full and adequate for the protection of the rights of parties arrested under such warrant and the trial in this case giving her all her rights under the rule. I refer to *The Japanese Immigrant Case,* 189 U. S. 86, 100, and *Simerson v. Inter-Island Steam Nav. Co.,* 2 U. S. Dist. Ct. Haw., 181, 184. Numerous other federal cases support this conclusion.

I think this conclusion answers the first question. The findings of the Secretary of Commerce and Labor in such proceedings are obviously intended by the statute to be conclusive and final as no provision is made for any appeal. They are final, subject only to the authority of the courts under writs of *habeas*

*corpus,* when such findings are against the alien, if it appears
that they are not consistent with the rights of parties under
the Constitution and laws.

The second question must be answered in the affirmative,
the admissions of the petitioner made at the hearing being legal
evidence in the absence of improper means for procuring such
admissions or confessions. *Hopt v. Utah,* 110 U. S. 574, 584;
*United States v. Miyama,* 1 U. S. Dist. Ct. Haw., 399. This
places the findings of the Secretary beyond the right of this
court to interfere by weighing such evidence as to its conclu-
siveness. *Nishimura Ekiu v. United States,* 142 U. S. 657,
660; *Lem Moon Sing v. United States,* 158 U. S. 538, 549.

The petitioner's counsel in this connection makes a point of
the word "found" in the statute, i. e., "found an inmate of a
house of prostitution, or practicing prostitution," and urges
that the word "found" must be construed in the strict sense in
which it is construed in laws relating to drunkenness, where
the offense is being "found intoxicated," referring to the case
of *State v. Austin,* 62 Vt. 291, and other Vermont cases. The
statute in regard to drunkenness obviously makes the offense
one in which an intoxicated person is found intoxicated, there
being no penalty for the mere act of being intoxicated. In this
case the conduct referred to is that of being found an inmate
of a house of prostitution, or practicing prostitution, in which
the gravamen of the offense is the fact of practicing prostitu-
tion, or being an inmate of a house of prostitution. The strict
construction of the word "found," as made in the Vermont
cases, has no application to this statute. Those cases laid weight
on the fact of a public exposure by a person of himself in an
intoxicated condition, which construction cannot apply to the
circumstances and conditions of carrying on the business of
prostitution, which is never carried on publicly. The mean-
ing of the statute is doubtless fully reached by a construction
which would render an alien woman liable under the circum-
stances where it is *ascertained* that she is an inmate of a house

of prostitution, or practicing prostitution. *State v. Bellows,* 62 Ohio St. 307, 310-311: 56 N. E. 1028, 1029.

Petitioner's counsel quotes the case of *Keller v. United States,* 213 U. S. 138, in support of the point made by him that Congress has not power to enact provisions for the punishing of an alien for acts of prostitution committed three years after her entry into the United States, and where it does not appear that at the time of her entry she was a prostitute or immoral person, or that her entry was anything but lawful. The *Keller* case decided that that part of the act which made it a felony to harbor alien prostitutes was unconstitutional where such harboring occurred in one of the States, because it was a regulation of a matter within the police power reserved to the State and not delegated to Congress by the Constitution. The decision appears to be generally based upon this proposition. I find that the decision in the *Keller* case is not applicable on two grounds. First, the Hawaiian Islands form a Territory of the United States, which is under the control of Congress. Second, the provision in the law for the deportation of any alien woman found an inmate of a house of prostitution, or practicing prostitution within three years after her arrival, does not provide for the punishment of a criminal offense, but is a civil proceeding for the removal of an alien found to be dangerous to the community within the time after her arrival provided by the statute. *Fong Yue Ting v. United States,* 149 U. S. 698, 730; *United States v. Tom Wah,* 160 Fed., 207, 211; *Tom Wah v. United States,* 163 Fed. 1008, 1009.

Counsel for petitioner further contends that due process of law "when applied to citizens of the United States and resident aliens having by treaty most of the rights that are accorded to citizens, requires something more than the mere arbitrary action of an executive or administrative officer." No authorities are cited in support of this contention. As set forth above, one arrested under such proceedings is given full opportunity with the assistance of counsel, to offer evidence and submit argument.

As to the fourth point raised by petitioner's brief, a motion for the *nolle prosequi* of the indictment pending against her having been made and allowed, no consideration thereof is necessary.

The other points raised by the petition were not pressed.

Under these considerations the writ is dismissed and the petitioner remanded to the custody of the respondent.

*On Writ of Error, pending in United States Supreme Court.*