THE PEOPLE OF THE STATE OF NEW YORK on Complaint of ISAAC WOLFF, as Building Commissioner of the City of Long Beach, Respondent, *v.* EDWARD MARGOLIES, Appellant.

County Court, Nassau County, December 20, 1937.

*Charles C. Clark,* for the appellant.

*Martin W. Littleton, Jr., District Attorney,* for the respondent.

JOHNSON, J. The defendant appeals from a judgment of conviction of the City Court of the City of Long Beach. The information upon which he was brought to trial and convicted charged that on the 2d day of June, 1937, the defendant maintained certain premises in the city of Long Beach as a rooming and apartment house in violation of subdivision 1 of section 3-A of the Zoning Law of that city.

The present zoning ordinance of the city of Long Beach was enacted in July, 1930, replacing the then existing zoning ordinance, which had been enacted in August, 1922.

Subdivision 1 of section 3-A of the ordinance prohibited the use in a residence " A " district of a building or premises other than a one-family detached house for one housekeeping unit only.

By section 11-A of the ordinance a building for three or more housekeeping units was permitted in a residence " H " district.

The defendant's premises were in a plot of ten lots with structures thereon, which plot the zoning ordinance split in half — one-half being placed in residence " H " district and the other half, which included the defendant's premises, being placed in residence " A " district.

It was proven and not disputed that the defendant's building was not used for one housekeeping unit only, but was used as an apartment house with separate housekeeping units, and would, therefore, *prima facie* violate subdivision 1 of section 3-A of the zoning ordinance. That ordinance, however, as was requisite, made provision for non-conforming uses existing at the time of its enactment and expressly provided that the ordinance should not apply to any building " legally existing at the time of its passage," nor to the continuance of the same existing use of any such building.

In order to establish a violation of the ordinance by the defendant, therefore, it was necessary to prove not only that the use to which he was putting his building was in violation of subdivision 1 of section 3-A, but also that such use was not a non-conforming use, that is, that it was not a use legally existing when the ordinance was enacted.

The defense was that the use of the defendant's building as an apartment with separate housekeeping units was a non-conforming use which had been continuous since the year 1919, which was

three years prior to the enactment of the first zoning ordinance, and which use continued from that time down to the present. That defense is amply supported by the proof, and does not seem to be seriously disputed. The contention of the People, however, is that the use, although it was an existing use when the first ordinance was enacted in 1922, nevertheless, it was not a legally existing use because it violated restrictive covenants contained in the deed whereby title was acquired. That deed was made by the Estates of Long Beach, a corporation, in October, 1911, and contained several restrictive covenants, among them a covenant that no building should be erected upon the premises except a detached dwelling house for one family only. It does not appear, however, that these restrictions were imposed in accordance with any uniform plan whereby the right to enforce them would vest in any one other than the original grantor. On the contrary, the grantor specifically provided in the deed that there was no obligation on its part to restrict any other of its premises in any manner. The grantor further specifically provided in the deed that the restrictions should terminate on January 1, 1930, reserving, however, to the grantor the right to alter or annul the restrictions or any of them prior to that date " by written agreement " between the grantor and the particular owner of the premises for the time being without the consent of any other owners Upon the proof, therefore, it must be held that the only person having the right to enforce the restrictive covenants in question against the defendant was the grantor in that conveyance.

It was established by the evidence of the defendant and his witnesses that in the year 1919 he altered the building into an apartment building designed for separate housekeeping units, and from that time on continuously devoted it to that use. The defendant and his witnesses likewise adduced evidence to show that before making such alterations he obtained the consent thereto in writing from the grantor corporation, signed in its behalf by Senator Reynolds. He was unable to produce this written consent, but sufficiently established his inability to find it after a lapse of twenty years to permit the introduction of secondary evidence of its contents. If his testimony and that of his witnesses is to be believed it sufficiently established that the grantor, through Senator Reynolds, gave written consent to the change in use of the premises. This testimony is undenied and may not be disregarded as incredible upon its face. On the contrary, it would seem to be substantiated by the fact that the changed use of the premises by the defendant was never questioned by his grantor, or even by the municipal authorities, until after the lapse of nearly twenty years.

In my opinion it was sufficient to constitute a release of that particular restriction by the grantor " by written agreement," and to comply with the requirements of the deed it was not necessary to execute a formal instrument or cause the same to be recorded. In any event, the grantor having given its consent in writing, although informally, and the defendant having relied and acted thereon, a situation was created whereby the grantor would thereafter have been equitably estopped from seeking to enforce the restriction as against the defendant.

Upon such state of proof I do not think it may be said that the use of the premises by the defendant in 1922, when the first ordinance was enacted, was an illegal use. As has been pointed out above, the right to question the use rested solely with the defendant's grantor, and at that time such grantor was not in a position to question it. It was, therefore, legal as to the grantor, and hence legal for all purposes.

The ordinance under which the defendant has been prosecuted provided that for a violation thereof he might be punished by a penalty of $500, to be recovered by the city in a civil action, or he might be punished by a fine not exceeding $150, or by imprisonment not exceeding 150 days, or by both such fine and imprisonment. Power so to enact is given by the statute (General City Law, § 20, subd. 22), and the provision for the fine and imprisonment is not in excess of that authorized by section 42 of the Second Class Cities Law. In this particular case, however, the city has not proceeded by means of a civil action to recover the penalty. On the contrary, it has elected to proceed by information charging a violation of the ordinance, and, upon conviction, the defendant may be fined, imprisoned or subjected to both fine and imprisonment. It is, therefore, a criminal or penal action, placing the burden upon the People of proving clearly the defendant's guilt.

The court below, in support of its judgment of conviction, cited the case of *Cohen* v. *Rosevale Realty Co., Inc.* (120 Misc. 416; affd., 206 App. Div. 681; 211 id. 812). In that case the plaintiffs and the defendant owned property subject to mutual covenants and restrictions. The defendant began the construction upon its premises of a building which violated those restrictions. After it had commenced such construction the city enacted a zoning ordinance, the provisions of which would have been violated by the defendant's proposed building. The defendant was not prosecuted by the city, but the plaintiffs brought action to enjoin defendant, not for violation of the restrictions in the deed, but for violation of the provisions of the zoning ordinance. As the plaintiffs showed that they would sustain special damage by reason of the

violation they were entitled to maintain the action. The defense was that the building had progressed sufficiently at the time of the enactment of the zoning ordinance as to constitute a non-conforming use, and, therefore, within the provisions of the ordinance protecting buildings existing at the time of its passage. It was held by the court that this provision applied to buildings lawfully existing at that time, and that the defendant's building was not such a building because it had started its erection in direct violation of the restrictive covenants, knowing that it was violating them and that its action could be enjoined. All that defendant did was done unlawfully, so that the building as far as it had progressed was not at that time a lawfully existing building.

The situation in the instant case is quite the contrary. A restrictive covenant in a deed is of no force unless it is asserted by action of the covenantee, and, even if so asserted, it might be denied enforcement if the court should find a material change in the nature of the neighborhood. (*Matter of Isenbarth* v. *Bartnett*, 206 App. Div. 546, at p. 548; affd., 237 N. Y. 617.)

Here there is a complete failure of proof by the People that the defendant at the time of the enactment of the ordinance was using his building knowing that such use was in violation of the restrictive covenant and was subject to be enjoined. On the contrary, all proof on that point indicates either that the restriction had been released by the only person having the right to enforce it or that that person had so consented to the changed use as to be estopped from thereafter enjoining it. Consequently, it would appear that the use of the premises for which the defendant has been convicted was a use lawfully existing at the time of the enactment of the ordinance. In any event, the proof is insufficient to sustain the burden resting upon the People to prove not only that the use was contrary to the provisions of the ordinance, but also that it was not a use lawfully existing when the ordinance was enacted.

The judgment of conviction should, therefore, be reversed and the information dismissed.