State ex rel. Dick v. Kalaher, 145 Wis. 243.

---

STATE EX REL. DICK, Respondent, vs. KALAHER, Appellant.

*February 3—February 21, 1911.*

*Intoxicating liquors: Licenses: Saloons near schools.*

1. A "school," within the meaning of subd. 5, sec. 1548, Stats. (Supp. 1906: Laws of 1905, ch. 385), is not measured by the walls of a building. One school may occupy two or more buildings, or two or more schools may occupy one building.
2. Where two school buildings were located on the same grounds and in one of them, a high school building, there were high school pupils and grade school pupils and in the other there were grade school pupils, the high school building and the pupils enrolled therein did not constitute a "school" within the meaning of said statute.
[3. Whether in such case there was more than one school upon the grounds, not determined.]

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is a *certiorari* proceeding brought by respondent, *J. M. Dick,* to review the proceedings of the common council of the city of Baraboo in granting the appellant a liquor license upon premises within 300 feet of the grounds upon which a school was conducted. It is claimed by respondent that a proper list of all parents and guardians of the pupils attending said school, together with a remonstrance signed by a majority of all the parents and guardians, were duly filed as provided by subd. 5 and 6 of sec. 1548, Stats. (Supp. 1906: Laws of 1905, ch. 385). This is denied on the part of appellant. The court below reversed the action of the common council in granting the license, on the ground that it appeared from the return to the writ of *certiorari* that a majority of all parents and guardians of pupils in the high school building signed the remonstrance, and further held that the phrase "any public school" as used in subd. 5 of sec. 1548 refers to a single building in which a school is held. Judgment was rendered against the appellant reversing the action of the common council with costs, from which this appeal was taken.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

*V. H. Cady,* city attorney, in support of the action of the common council.

*A. J. Gemmill,* for the respondent, as to the meaning of the words "any public school" in subd. 5, sec. 1548, Stats. (Supp. 1906: Laws of 1905, ch. 385), cited *In re Townsend,* 195 N. Y. 214, 88 N. E. 41, 43; 35 Cyc. 811; *In re Sanders,* 53 Kan. 191, 36 Pac. 348, 23 L. R. A. 603; *Board of School Comm'rs v. State ex rel. Sander,* 129 Ind. 14, 28 N. E. 61, 63–65, 13 L. R. A. 147; *Betts v. Betts,* 4 Abb. N. C. 317, 405, 414; *Comm. v. McDonald,* 160 Mass. 528; *Comm. v. Whelan,* 134 Mass. 206–208, 210; sec. 461r, Stats. (Supp. 1906: Laws of 1901, ch. 321); sec. 461s, Stats. (Laws of 1909, ch. 256).

KERWIN, J.    Subd. 5 of sec. 1548, Stats. (Supp. 1906: Laws of 1905, ch. 385), provides in substance that after June 30, 1905, no license shall be granted to any person for the sale of liquors in any building or place for which a license is not in force on June 30, 1905, within a distance of 300 feet of any public or permanently established parochial school grounds, such distance to be measured upon the streets from the boundaries of the school grounds, and that whenever after January 1, 1908, a list of all the parents and lawful guardians of the children enrolled as pupils in any public school or permanently established parochial school, together with a remonstrance in writing signed and acknowledged before a notary public by a majority of such parents and lawful guardians, are filed with the city, village, or town clerk, as the case may be, describing the premises for which a license had previously been issued within 300 feet of the grounds of such school and demanding that no license be granted, no such license shall thereafter be granted to any person for the sale of liquors on such premises.    Subd. 6 of sec. 1548 provides in effect that the foregoing provisions shall not apply to drug stores, hotels, nor restaurants actually established and maintained as such prior to February 1, 1905, and further provides that it shall be the duty of the city, village, or town clerk, as the case may be, to receive, file, and record such list and remonstrance.

The respondent attempted to proceed under this law and filed a list and remonstrance with the city clerk, which list and remonstrance were considered by the council on the application of the appellant for a license at 404 Oak street, and the matter referred to the license committee appointed by the common council, which committee reported, and their report was confirmed by the common council and the license granted to appellant.

A great many errors are assigned and argued by counsel for appellant which were not considered or determined by

the court below, and which, as we view the case, are not neces-
sary to be considered or decided here.    It appears from the
return of the city clerk to the writ of *certiorari* that the li-
cense committee to whom was referred the remonstrance and
list of parents and lawful guardians of children enrolled in
the public school the grounds of which are within 300 feet of
the building situate at 404 Oak street, wherein the respond-
ent had applied for a license, found that the list presented
did not contain a list of all the parents and lawful guardians
of children enrolled as pupils in the school situated on the
high school grounds; that the list and remonstrance con-
tained names of divers persons called or calling themselves
guardians who were not in fact the lawful guardians of the
respective children mentioned therein; and that the names on
the list and signatures to the remonstrance of the persons so
appearing as parents of children not enrolled or as guardians
of children of whom they are not lawful guardians should
not be counted; that the list presented does not contain the
names of all parents and lawful guardians in the seventh and
eighth grades of said school, containing in the aggregate 170
pupils whose parents and guardians do not appear on such
list.    The committee further found that the remonstrance
did not comply with the statute and was not signed and ac-
knowledged by a majority of all parents and lawful guardians
of children enrolled as pupils in said school; that there were
approximately 638 parents of children so enrolled, and the
highest number of signers to the remonstrance was 263.
This report was confirmed by the council, as appears from
the return, after due consideration and after hearing the re-
spondent in support of the remonstrance.    There is substan-
tially no dispute on the facts, and the only question which it
is necessary to consider on this appeal is whether the list and
remonstrance were sufficient.

This inquiry involves the construction of the statutes as to
what constitutes a school.    If the pupils in both the high

school and the grades constitute the school contemplated by the statute, then it is established by the record that neither the list nor the remonstrance was in compliance with the statute. If, on the other hand, either the grade school or the high school constitutes a school within the statute (a point we do not decide), then it is equally clear that there was no compliance with the statute, for the reason that it does not appear that all the parents and guardians of pupils in either of such schools are included in the list, or that a majority of all the parents and guardians of pupils in either school signed the remonstrance. The learned trial judge below held that the phrase "public school" in the statute means a school maintained in one public school building, and that a majority of all parents and guardians of pupils in the high school building signed the remonstrance; therefore the common council was without authority to grant the license to the appellant. We cannot agree with the learned court below in this regard. The limits of a school building do not necessarily constitute the limits of a school. Parts of different schools may be in the same building, or one school may occupy two or more buildings. There were in this high school building high school pupils and grade school pupils. As we have before observed, if all of the pupils constituted but one school, clearly the list and remonstrance were insufficient, and if there were two schools it is not material whether pupils of such schools were in one building or in two; they would still continue to be two schools or separate institutions. A school is defined to be "an institution of learning of a lower grade, below a college or a university. A place of primary instruction. The term generally refers to the common or public schools, maintained at the expense of the public." Black, Law Dict. "School is a generic term, and denotes an institution for instruction or education." *American Asylum v. Phœnix Bank,* 4 Conn. 172; 7 Words & Phrases, 6343.

The word "school" is applied to institutions which are con-

fined to some special grades of instruction.    *Comm. v. Banks,* 198 Pa. St. 397, 48 Atl. 277.    A school or institution of learning is not measured by the walls of a building.    It may occupy one building or it may occupy two or more.    So we think the trial court was in error when it held that the high school building and the pupils therein constituted a school within the meaning of the statute.    We do not decide here whether all the pupils in the different departments of the school on the school grounds constituted but one school, because it is unnecessary to the decision of the case.    But if there be more than one school on the grounds, which schools are attempted to be covered by the list and remonstrance, it is clear from the record that no school has complied with the law.

Some points are made by counsel for respondent and which were not passed upon by the court below, respecting sufficiency of publication of the application of appellant for a license, approval of the bond under ch. 336, Laws of 1909, and the regularity of the proceeding by the common council to determine the issues raised by the application and the remonstrance.    We do not find that the respondent was prejudiced by any of the alleged irregularities complained of, even if he could raise them here.

It follows that the judgment of the court below must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to quash the writ.