In the Matter of the Application of ERNEST FLAGG, Petitioner, for an Order against HARRIS H. MURDOCK and Others, Comprising the Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, October 20, 1939.

*Tom Garrett*, for the petitioner.

*William C. Chanler, Corporation Counsel [Charles C. Weinstein* and *Morton Rosenthal* of counsel], for the respondents.

*Manning & Manning [Philip V. Manning, Sr.,* of counsel], for property owners.

LOCKWOOD, J.　*Proceeding No. 1:*　This proceeding involves a dancing school conducted in the cellar or basement of the multiple dwelling located at Ridge boulevard and Seventy-second street in the Bay Ridge section of Brooklyn.　The building is nine stories,

fireproof, and has 1,323 rooms comprising 422 apartments of from one to five rooms; it is built around three sides of an inner court 70 by 390 in which there is an outdoor swimming pool. The property is in a residential use district under the Amended Building Zone Resolution.

The property is assessed at $1,300,000.

The tenement house commissioner on March 2, 1937, ordered the petitioner to discontinue an office on one of the upper floors, and a dancing studio " for business purposes " and a music studio " for business purposes " located in the basement.

Petitioner did not appeal from this order to the board of standards and appeals, but sought to obtain from that board a variance allowable under the provisions of the Amended Building Zone Resolution. The board denied the application and affirmed the decision of the commissioner of buildings.

Petitioner here seeks to review that determination solely with respect to the dancing studio or school. The city moves to vacate the order of certiorari and to affirm the decision of the board of standards and appeals.

The " dancing studio for business purposes," as the city terms it, is conducted in a space in the basement, twenty-five by fifty feet, by a dancing teacher residing in one of the apartments above.

It is patronized mostly by small children, many of whom reside on the premises. Fees are charged for the instructions furnished.

A " school " is specifically permitted in a residential district by subdivision (4) of section 3 of article II of the Amended Building Zone Resolution. In reaching its determination here the board decided that this dancing school was not such a school as was contemplated in that section. The board commented that instruction is given in a school teaching marksmanship or how to drive an automobile, yet such schools would not be permitted in a residential district. The board expressed the opinion that the school referred to in the section was intended to mean such as come under the supervision of the Board of Regents.

The ordinary meaning of " school " has been defined as a place where instruction is imparted to the young (*State* v. *Peterman*, 32 Ind. App. 665; 70 N. E. 550), " Any place or means of discipline, improvement, instruction, or training " (*Matter of Sanders*, 53 Kan. 191); " it is the organization, the union of all the elements in the organization to furnish education in some branch of learning — the arts or sciences or literature." (*Smith* v. *Donahue*, 202 App. Div. 656, 664.)

As distinguished from public or common schools, private schools are those supported and managed by individuals. (*Jenkins* v. *Andover*, 103 Mass. 94.)

It has been held that the teaching of singing or of music is a profession and is not a business, trade or industry as these words are used in the law, zoning regulation or common parlance. (*People* v. *Kelly*, 255 N. Y. 396, 400.)

Likewise it does not appear on this record that the dancing school here involved is a business, trade or industry. There is nothing in the record to indicate that this dancing school has been " so conducted as to deteriorate or extend into a business or industry." If this appeared to be the fact, an entirely different situation would be presented.

Petitioner's appeal to the board of standards and appeals was for a variance under section 21 of the Amended Building Zone Resolution to permit occupancy for business use in a residential zone. It is the decision of the board denying that application which petitioner seeks to have reviewed. Petitioner showed no practical difficulties, unnecessary hardships (Amended Building Zone Resolution, § 21) or any other reason why the variance sought should have been granted.

However, the board did not confine itself to that sole question, either on the hearing or in its decision, but considered petitioner's claim that the school was a permitted use under subdivision (4) of section 3 of article II of the Amended Building Zone Resolution. Accordingly, the motion to dismiss the certiorari order is granted, without costs, in so far as petitioner seeks to review the determination of the board denying a variance, and the action of the board thereon is affirmed.

As to any other determination or ruling made by the board on petitioner's application, the motion is denied and the action of the board disaffirmed. In the opinion of this court, the conduct of the dancing school as shown by this record was not a violation of the Amended Building Zone Resolution and the school was legally conducted without the need of any variation from the requirements of the Amended Building Zone Resolution. Furthermore, the occupancy permit allows the use of the basement rooms for recreation rooms. Children's dancing lessons may be said to come within the scope of both recreation and education.

Settle order on notice.

*Proceeding No. 2:* This proceeding involves the use of a portion of the cellar or basement of the premises above mentioned as (1) a barber shop; (2) dress shop; (3) gift shop; (4) shoe repair shop; (5) tailor shop; (6) restaurant, and on the first floor (7) a beauty parlor. The six first enumerated are on the level of the inner court.

The tenement house commissioner ordered petitioner to discontinue these business uses as violative of the Multiple Dwelling Law and Building Code and contrary to the uses permitted in the residential zone in which the property is located.

Petitioner appealed to the respondent board from this order and also applied for variation from the requirements of the Amended Building Zone Resolution. Petitioner's application was denied upon the ground that he failed to substantiate any basis for relief on the ground of practical difficulty or unnecessary hardship, and the decision of the tenement house commissioner was affirmed.

This proceeding was brought to review such determination. The city moved to dismiss and for affirmance of the board upon the ground that the amended certificate of occupancy did not permit the cellar and first floor to be used for business purposes; that such use is contrary to the Multiple Dwelling Law and the Building Code (N. Y. Code of Ord. chap. 5) and violative of section 3 of article II of the Amended Building Zone Resolution which prohibits conducting a business in a residential district; that under section 34 of the Multiple Dwelling Law the cellar of the premises may be used only for residential purposes as a janitor's apartment.

The certificate of occupancy permits the use of this basement space as " recreation rooms."

Flagg Court comprises six nine-story fireproof units of 1,323 rooms — 422 apartments — on a large plot (a square block), with foundations in for additional units. The present population is about 1,650, and the assessed value is $1,300,000.

The effort is to attract families with children, to supply play opportunities within the property, thus avoiding street and traffic hazards, and to furnish such additional facilities as are usually required by a large number of people being under one roof — the swimming pool; barber shop; beauty or hairdressing parlor for women; dress shop; shoe repair shop; gift store which offered greeting cards, books, etc; valet service, and restaurant.

During the pendency of this motion the dress and shoe repair shops and the beauty parlor have been discontinued and we are now here concerned only with the space used by the barber, tailor, gift shop and restaurant. As to the so-called " tailor shop," it seems that tenants leave clothing in this room, a valet collects it and takes it away— off the premises — to be cleaned and pressed, so it can hardly be said this room so used is being used for business.

The petitioner stresses the claimed venom, vindictiveness and unreasonableness of the " unfriendly neighbors " who object to the variance sought, the advantages to petitioner's tenants, particularly children being able to play and to have their hair cut or buy

soda or candy without leaving the safely inclosed large inner court; the fact that all these establishments are not visible from outside the building or the street and are accessible only from the inner court, and are patronized not by the general public but only by tenants and their guests; that the outward appearance of the premises is free from all signs of commerce or business use, and the absence of such objectionable features should have been the sole subject of inquiry by the respondent board in passing upon the application for a variance; that the businesses heretofore enumerated constitute " accessory uses " and do not contravene the letter or spirit of the Amended Building Zone Resolution; that hotels are permitted to maintain the facilities sought by petitioner, and the tenants of this apartment house should be afforded the privilege and convenience of taking such meals as they desire in a restaurant operated upon the premises and of the use of the other facilities ordered to be discontinued.

It is not seriously contended by petitioner that the occupancies above enumerated, except the valet-tailor room, are not business uses.

Petitioner's premises are not a hotel but a class " A " multiple dwelling, so that the reference to the activities permitted with a hotel has no application.

Accessory uses permitted by section 3 of the Amended Building Zone Resolution do not include a business.

Since this motion was submitted, the court has inspected the premises involved and agrees with petitioner that the building presents no outward indication of commerce or business, and that the various conveniences sought to be eliminated by the board are a benefit and desirable to the tenants, and that as a practical matter the location of these shops and restaurant in the inside court for the patronage of the hundreds of residents of this building might well be permitted, providing there is no increase in the fire hazard. Moreover, it is not apparent how this use of the premises can be objectionable to the neighboring property owners.

However, the court must administer the law as it finds it. It has no power to change or vary the provisions of the Multiple Dwelling Law, Building Code (N. Y. Code of Ord. chap. 5) or the Amended Building Zone Resolution or to interfere with the enforcement thereof by the proper public authorities. The novel situation presented here is perhaps one not contemplated when the Amended Building Zone Resolution was adopted. However, the advisability of permitting stores such as petitioner has in the inner court of a large multiple dwelling located in a residential district, is a matter for legislative, not judicial, determination.

It does not appear that the affirmance by respondents of the order by the tenement house commissioner requiring petitioner to discontinue the business use of his premises located within a residential zone was an abuse of discretion, improper or contrary to law.

As to the variance sought, the court doubts if the board had power to grant it. (*Young Women's Hebrew Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270.) It would seem that if this owner is to have relief it must come through amendments to existing statutes.

The motion to dismiss the certiorari order and to affirm the determination of the respondents is granted, without costs as to the application for a variance, and also as to the affirmance of the order of the tenement house commissioner, excepting so much of such order as referred to the tailor shop used only as a valet's collecting room.