In the Matter of the Application of MARY LEE WEISSE, Petitioner, for an Order against THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

Supreme Court, Trial Term, Kings County, December 29, 1941.

*Mandel & Mandel [Austin B. Mandel of counsel], for the petitioner.*

*William C. Chanler, Corporation Counsel [Arthur H. Kahn of* counsell, for the respondent.

McGarey, J. The petitioner herein seeks to review the determination of the board of education denying her petition to them to review and modify the action of the teachers retirement board in fixing the amount of her prior service under subdivision H of section 1092 of the Greater New York Charter.

The petitioner claims that the retirement board erred (1) in failing to allow her eighteen years, six months, five days for " prior city service," or (2) the maximum of fifteen years for teaching service in a school not maintained by the city of New York.

The petitioner, a graduate of Teachers College, Columbia University, in 1905, with the degree of Bachelor of Arts, was appointed an assistant in the Children's Museum of the Brooklyn Institute of Arts and Sciences shortly thereafter, which Museum had received a large collection of physical science equipment. She continued in the employ of the Children's Museum until February, 1923, when she received a temporary appointment as a teacher in the public school system, which became permanent in February of 1926. During the period of her service at the Museum, her principal occupation was in giving instruction in the physical sciences to students of the elementary and high schools, public, parochial and private, who would come to the Museum at regular intervals and there be instructed in the particular subject in which they were interested at the time of their visit. In giving the instructions, the petitioner would follow the syllabus used by the board of education of the city of New York, and during the lectures or lessons she was in charge of the class, although the class teacher accompanied the students and generally remained in the room. The students from the schools would generally come during regular

school hours. In addition to these students, the petitioner taught others who came after school hours and conducted field trips as well. In the science classes she had regular classes after hours in wireless telegraphy and radio. Her work as a teacher with the students was highly and uniformly successful.

In 1922 she applied for permission to take a promotion examination for a teacher in the upper grades in the public school. She was admitted to this examination on the basis of her degree from Teachers College aforesaid and her teaching experience at the Museum. She also was admitted to an examination for a license as teacher in science in the public high schools of the city of New York based upon the same qualification and experience. She passed the examination for elementary school teacher and received her license and has been teaching science in the junior high schools since that time.

After her appointment she filed with the board of examiners of the city of New York a claim for credit for salary purposes based upon her teaching experience. She received from them a credit of four years, which was the maximum credit which she could get, but this credit was based upon an allowance of her claim of 8,393 hours of teaching service.

At the time this matter came on originally to be heard, the court denied her petition for credit for prior city service and for an allowance for teaching service in a school not maintained by the city of New York. It subsequently developed that the court did not have before it all of the papers in the proceeding, particularly some submitted on behalf of the petitioner. On discovery of this situation and after consideration of the missing papers, it was apparent that there was a serious factual dispute as to the exact nature of the duties and services performed by the petitioner in the Children's Museum and, therefore, the court directed that the matter be set down for trial pursuant to section 1295 of the Civil Practice Act, which was done.

After carefully considering all the evidence and the testimony of the witnesses, it is the court's opinion and the court finds that the service rendered by the petitioner at the Brooklyn Children's Museum from 1905 to 1923 was teaching service. The court further finds and holds that it was teaching service in a school not maintained by the city of New York in the broad sense and definition of the term *school*.

A *school* the court holds to be an institution consisting of a teacher and pupils, irrespective of age, gathered together for instruction in any branch of learning, the arts or the sciences.

Under that definition a school was conducted by the petitioner at the Museum. However, the court holds that subdivision H of section 1092 of the Greater New York Charter, as it existed in 1926, which governs the rights of the petitioner, did not contemplate a school in the broad sense or definition, but rather that it was intended that credit would be given for prior teaching service in a school or college not maintained by the city of New York, and that the type of school intended was a school similar to the common schools as known in the State of New York, and that a specialized school was not intended to be included, and that, therefore, teaching or supervisory service in a school and college not maintained by the city of New York must be either in a school similar to our elementary schools or secondary schools or our colleges. The use of the words " schools and colleges " together indicates that this was the intent of the Legislature.

The court further holds that the petitioner may not successfully claim the benefit of " city service " even though her salary was paid wholly by the city of New York. The Museum is privately owned and except for annual appropriations made by the city of New York towards the cost of its maintenance, is privately supported by endowments, bequests and other private contributions. (See *Brooklyn Public Library* v. *Craig*, 201 App. Div. 722; *Muller* v. *City of New York*, 189 id. 363; *Matter of Brady*, N. Y. L. J. Dec. 8, 1939, p. 2033, per COLLINS, J.; *Enstrom* v. *City of New York*, 258 App. Div. 672.)

The court, therefore, holds that the respondent properly denied the petitioner's appeal and properly sustained the action of the retirement board in denying petitioner's claim for credit for " prior city service," and for " teaching service "— " in a school "— " not maintained by the City of New York," and the action of the respondent in so doing is sustained.