VILLAGE OF EAST HAMPTON, Plaintiff, *v.* J. HARRISON MULFORD, Defendant.

Supreme Court, Special Term, Suffolk County, June 12, 1946.

*George W. Percy* for plaintiff.

*Griffing & Smith* for defendant.

STODDART, J. Plaintiff, Village of East Hampton, seeks to permanently enjoin the defendant from conducting a riding academy on his premises as being in violation of the Zoning Ordinance enacted by the village on May 19, 1925.

The evidence discloses that defendant's premises are located in residential district Zone A. It appears that the premises in question have been owned by the defendant and his ancestors for more than a century. At some time in the past stables were erected on the property for the housing of horses used for agricultural purposes. However, since about April 1, 1946, the defendant has maintained and operated on this property a riding academy. There are seven horses and one pony used in connection with this business.

Plaintiff contends that a riding academy is not a permitted use in Zone A residential district. The pertinent provisions of the Zoning Ordinance are as follows: " Section V  *  *  * (2) The office of a doctor, a dentist or other member of a recognized profession, a real estate agent, insurance agent, a teacher or musician residing on the premises; provided there is no display or advertising except for a small professional name plate.  *  *  *

" (4) Schools, public libraries, art museums, churches, parish houses and Sunday School buildings, the buildings of membership clubs devoted to outdoor sports, and social and recreational buildings and premises, soldiers or sailors memorial buildings; except those a chief activity of which is one customarily carried on as a gainful business.  *  *  *

" (9) Accessory uses customary with or incident to any aforesaid permitted use and located on the same lot therewith, including garages and stables under conditions hereinafter specified. The term ' accessory use ' shall not include any activity conducted for gain, or any walk or driveway giving access thereto, or any billboard advertising sign or poster, except for small public welfare bulletin boards."

The issues raised by the pleadings and upon the trial are first, whether a riding academy is permitted under any of the foregoing subdivisions and, second, whether a continuance should be permitted upon the ground that such business was in existence prior to the enactment of the ordinance.

The second issue is without merit since the proof offered was inadequate to show a nonconforming use.

The defendant claims that one who is engaged in teaching persons to ride is a member of a " recognized profession." Not only does the court disagree with that contention but a reading of subdivision (2) clearly shows that an office only may be maintained with such customary accessory use under subdivision (9) excluding any activity conducted for gain. Certainly a business of a riding master is not confined to an office and the business conducted is admittedly for profit. It is further urged by defendant that a riding academy is a school. A school is generally regarded as an institution for teaching children or an establishment for imparting education. Even if a liberal construction of the word " school " would include a riding academy a reading of subdivision (4) as a whole would not permit defendant's business as it refers only to activities of a public nature not carried on as a gainful business.

Accordingly, judgment is granted in favor of plaintiff. No costs are allowed. Submit judgment on notice.