THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MRS. SOL COLLINS, Appellant.

County Court, Westchester County, March 12, 1948.

*Wein & Wein* for appellant.

*Samuel La Rosa, Corporation Counsel,* for respondent.

GALLAGHER, J. This is an appeal from a conviction for a violation of the Zoning Ordinance of the Village of Port Chester. There is no substantial disagreement as to the facts.' The defendant took into her home each morning from Monday through Friday up to fourteen children of preschool age and kept them until approximately noontime. In her back yard, she had a play·yard, and in clear weather the children were allowed to play under supervision. In rainy or inclement weather, they were taken inside where a room equipped for that purpose was maintained. The property is located in a Residence A Zone in which one of the uses authorized is schools (except vocational schools, colleges, public libraries, public museums and galleries). The question in this case is whether the defendant was maintaining a school within the meaning of this definition; if so, she is not guilty and if not,·she is guilty.

The learned justice of the lower court found the defendant guilty and based his decision upon the fact that the defendant had not registered her institution under paragraph e of subdivision 2 of section 3210 of the Education Law. It seems to this court that such a criterion is entirely irrelevant, that the defendant may be guilty of violating a provision of the Education Law without being guilty of violating the zoning ordinance and that there is not necessarily any relationship between the Education Law definition of a school and the zoning ordinance definition.

Webster defines a school as " a place in which persons are instructed in arts   *   *   *   or any species of learning; an

educational establishment ", and further defines a primary school as " a school for instructing children in the rudiments of learning."

It is obvious that the same standard cannot be used to measure what constitutes a grade or secondary school as a pregrade school because of the capacity of the pupils at the different levels. The defendant has quoted in her brief from the case of *Los Angeles County* v. *Kirk* (148 Cal. 385, 388), quoting and adopting *Sinnott* v. *Colombet* (107 Cal. 187) ; the court stated : " The term ' kindergarten ' was devised to apply to a system elaborated for the instruction of children of very tender years, which, by guiding their inclination to play into organized movement and investing their games with an ethical and educational value, teaches, besides physical exercises, habits of discipline, self-control, harmonious action and purpose, together with some definite lesson of fact. It is apparent that the work contemplated by such a system is purely preliminary to, and entirely different in character from, the ordinary work of the common school, and is in fact designed to fit very young children, whose minds and bodies are solely because of their tender age, not yet capable of the instruction contemplated in an ordinary school, for such school work."

What applies to kindergarten also applies to other pregrade school work.

The definition of schools as contained in this zoning ordinance is primarily the same as contained in most of the zoning ordinances in this section of the country. The value of preschools to children can hardly be questioned by anyone whose children have attended a well-run school of this character. To limit the existence of such schools to the definition given in the Education Law would mean that such schooling would be available only to children of parents in the higher income brackets and live in a larger center of population. It does not seem reasonable that such an interpretation has been intended in the adoption of most of the zoning ordinances in this section of the country and this court cannot find that this ordinance should be differently interpreted by virtue of the fact that it was enacted for a rather large village.

It is the opinion of this court that the operations carried on by the defendant are a school within the meaning of the Zoning Ordinance of the Village of Port Chester and for that reason, the appeal is granted and the conviction reversed and information dismissed.