By the Court.
 

 The single question is whether the motor vehicle used for the purposes alleged is a ‘ ‘ school bus ’ ’ entitled to registration without payment of the annual license tax.
 

 Section 6291, General Code, levies an annual license tax upon the operation of motor vehicles on the public roads and highways of this state.
 

 Section 6295-1, General Code, providing for an exemption, reads in part:
 

 “No school bus as hereinafter defined shall be required to pay the annual license tax provided for in Section 6291 of the General Code. The term ‘school bus’ as used herein shall be construed to mean any vehicle, however owned, used exclusively to transport school children, either to and/or from school, or to and/or from any school function, having a seating
 
 *47
 
 capacity of more than five persons exclusive of the. driver. ’ ’
 

 A statutory provision which relieves from taxation' is to be strictly construed, and property which is claimed to be exempt from the payment of taxes must come squarely within the exemption provisions of the law. Paragraph one of the syllabus of
 
 Crown Hill Cemetery Assn.
 
 v.
 
 Evatt, Tax Commr.,
 
 143 Ohio St., 399, 55 N. E. (2d), 660.
 

 Words of a statute will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them. 37 Ohio Jurisprudence, 542, Section 288; paragraph three of the syllabus,
 
 Baker v. Powhatan Mining Co.,
 
 146 Ohio St., 600, 67 N. E. (2d), 714.
 

 In the ordinary acceptation, the term, “school,” standing alone, is a place where general education is imparted to young people. The meaning commonly attributed to the term is an institution conducting a course of general education and mental training similar to that offered to children by a public educational system. The terms, “Sunday school,” and, “Bible school, ’ are ordinarily applied to a place for religious instruction, operated in conjunction with a church.
 

 The words, “school,” and, “Sunday school” or “Bible school,” are not synonymous, but are distinguishable in common understanding.
 

 The relator was hot entitled to a writ of mandamus from the Court of Appeals and its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.