J. Howard Rossbach, J.
Defendant, not being a student nor the parent or legal guardian of one, did station himself on the campus of Long Island University. When told by a uniformed guard to move on he refused. He said to the guard that if he was ejected “I’m going to come back with four more fellows and knock your block off ”. He had been ejected from the campus two days before.
Defendant is charged with violating section 722-b of the Penal Law, which provides: “Loitering in school buildings. Any person not the parent or legal guardian of a pupil in regular attendance at said school who loiters in or about any school building or grounds without written permission from the principal, custodian or other person in charge thereof, or in violation of posted rules or regulations governing the use thereof, shall be guilty of disorderly conduct.” Clearly defendant was loitering without permission on the campus. The question remains whether Long Island University is a “school” within the statute.
*247 It is evident that section 722-b was enacted to protect pupils of a school from contact with undesirable persons while on the school grounds or adjacent thereto. The reference to parents or guardians would indicate that the Legislature contemplated the protection of children of an age where close family supervision is customary. There is no similar indication that the protection was to be extended to adult pupils or those approaching their majority.
Broadly speaking, the term “ school ” of course can encompass any institution where a subject, an art or a craft is taught. As used in this statute however, it appears limited to schools having pupils over which the parent or guardian exercises considerable authority. Thus in People v. Johnson (12 Misc 2d 25, 27) the court distinguished another statute by saying: “ This section * * * has no relation to section 722-b, which is designed to protect school children in a school building.”
New York State has long concerned itself with the protection of its school children and has surrounded them with special safeguards. For example, alcoholic beverages cannot be sold within a certain distance of a school (Alcoholic Beverage Control Law, §§ 64, 105).
In Matter of Townsend (195 N. Y. 214 [1909]) the Court of Appeals had before it the question of whether a similar prohibition under the ‘1 Liquor Tax Law ’ ’ should be applied to licensed premises in proximity to a registered training school for adult nurses. In that case the statute prohibited liquor stores adjacent to “ a building occupied exclusively as a church or schoolhouse ”. (Ibid, p. 216.) In holding that the nursing school was not within the statutory definition, the court stated (p. 222 per Werner, J.): “ This phase of the statute indicates that the legislature, in using the term ‘ schoolhouse,’ had in view primarily the common public schools devoted to such general elementary and intermediate instruction as is adapted to the education of our children and youth; and perhaps secondarily such semi-public and private schools as are conducted for the same purpose. * * * this includes all ‘ schoolhouses ’ in which our so-called grammar and high schools are conducted.” Judge Werner pointed out that, unless the line is drawn at this point, all places of instruction involving persons of all ages would have to be included.
While section 722-b mentions “ school ” rather than “ schoolhouse ”, the difference is not persuasive. “ A school is defined to be ‘ an institution of learning of a lower grade, below a college or a university ’ ” (State ex rel. Dick v. Kalaher, 145 Wis. 243, 247 [1911]).
*248 If the Legislature should wish section 722-b to apply to colleges and universities, the amendment is simple. As the statute now is worded, it does not extend so far. Defendant is acquitted.