CITY OF CHICOPEE *vs.* PETER JAKUBOWSKI & another.

Hampden.   November 4, 1964. — December 8, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Zoning,* School, Educational purpose.   *Education.   Words,* "School."

Instruction of individuals and groups in working with ceramics by one in a garage on her premises in a residential zoning district of a city was not a "school" within a provision of the city's zoning ordinance permitting "schools, colleges, public libraries, public museums" in that district, and was not "public" within the provision of G. L. c. 40A, § 2, invalidating any prohibition or limitation by the ordinance of the use of land "for any educational purpose which is . . . public."

BILL IN EQUITY filed in the Superior Court on March 31, 1960.

The suit was heard by *DeSaulnier, J.,* on a master's report.

*Joseph A. Nowak (Robert L. Nowak* with him) for the defendants.

No argument or brief for the plaintiff.

REARDON, J.   The defendants appeal from a final decree enjoining them "from using the premises at #19 Saratoga Avenue in Chicopee for the business of manufacturing, selling, painting, glazing, and baking ceramics and conducting

classes in instruction for painting ceramics . . ..'' The bill of complaint was brought against them by the city and alleged a violation of the zoning ordinance in that their business was being conducted in a district zoned ''Residence 'A'.''

A master found as follows: The defendants are the owners of real property in a residence ''A'' zone at 19 Saratoga Avenue, Chicopee. On April 7, 1958, the defendant Peter Jakubowski applied to the building inspector of the city for a permit to construct a ''one car garage and storage'' to be situated at the rear of the premises, and a permit was granted on that date. Thereafter the defendant constructed a building having the outward appearance of a garage and storage building with overhead garage doors on the northerly front; but the entrance to the building is through ''an ordinary door which is situated on the front of the building . . ..'' The building, which has been utilized as a location for instruction in ceramics, cannot be used as a garage and storage place because it is equipped with shelving, tables, chairs, greenware, molds, statues, and kilns. It is also equipped with one toilet and one washstand. The defendant Anna Jakubowski has been available at certain hours of the day for purposes of instruction, with a charge of $1 being made for that service. Classes have been held by her for those who are desirous of acquiring skills in working with ceramics. The building has not been used for the manufacture of greenware. ''From these operations [the teaching of groups and individuals in the art of painting, glazing, and baking ceramics] the defendants realized a slight profit.''

The zoning ordinance of the city provides that ''within any Residence 'A' as indicated on the Building Zone Map, no building or other structure nor any premises shall be used and no building or other structure or part of a building shall be erected which is intended or designed to be used in whole or in part for any industry, trade, manufacturing or commercial purposes or for other than one or more of the following specified purposes,'' one of which is '' [s]chools, colleges, public libraries, public museums.''

General Laws c. 40A, § 2, provides in part that "no ordinance or by-law which prohibits or limits the use of land . . . for any educational purpose which is . . . public shall be valid."

Our inquiry thus seeks to determine whether instruction in ceramics as described above (1) constitutes a "school" or (2) fulfills an "educational purpose which is . . . public."

In its ordinary meaning the word "school" denotes a place for systematic instruction in any branch or branches of knowledge. In defining the phrase "institution of education" as employed in its State Constitution, the Kentucky court said, "[I]t means a place where systematic instruction in any or all of the useful branches of learning is given by methods common to schools and institutions of learning . . . ." *Kesselring* v. *Bonnycastle Club, Inc.* 299 Ky. 585, 589. In addition to the limitation suggested by the definition, a limitation is also imparted here by the juxtaposition of the word "schools" in the ordinance with "colleges, public libraries, public museums." The activities which occurred in the defendants' garage do not appear to meet that standard of organized training which is to be expected in a "school," and we rule, therefore, that it was not a school.

Turning to the statute, it might be argued that the building was being employed for an "educational purpose." Whether this be so or not, and upon this phase of the case we venture no opinion, it is clear to us, assuming the operation there served an educational purpose, that that purpose was not public. That a privately owned institution which benefits the public may serve an educational purpose which is public was demonstrated in *Worcester* v. *New England Inst. & New England Sch. of Accounting, Inc.* 335 Mass. 486, where there was extensive discussion on this point. The classes in ceramics conducted by the defendants do not meet the standards laid down in the *Worcester* case. The defendants have been operating a private enterprise and thus are not entitled to the benefits of the exemption of the statute. *Kurz* v. *Board of Appeals of North Reading,* 341 Mass. 110.

*Decree affirmed.*