BENVENUE PARENT-TEACHER ASSOCIATION AND CHARLES L. JOHNSON v. THE NASH COUNTY BOARD OF EDUCATION AND NASH COUNTY

No. 697SC248

(Filed 28 May 1969)

1. Schools §§ 1, 7— public school system — county technical institute — expenditure of county funds

A county technical institute which provides adult vocational and general educational training is a part of the public school system of the State, and the expenditure of funds by a county as authorized by G.S. 115-234 et seq. for maintenance of a building used by such technical institute does not violate N. C. Constitution Art. IX, § 5.

2. Schools §§ 1, 7;  Taxation § 6— expenditure of county funds for operation of technical institute — necessity for vote of electorate

The expenditure of funds by a county for operation of a technical institute for adult vocational and general educational training without a vote of the people does not violate N. C. Constitution Art. VII, § 6, since in expending such funds the county acts as an agency of the State in carrying out the mandate of N. C. Constitution Art. IX, § 2 requiring the General Assembly to provide for a general and uniform system of public instruction.

**3. Schools § 7;    Taxation § 6—    public school system — necessary expense — necessity for vote**

The operation of the public school system is a necessary expense which does not require a vote of the people.

**4. Constitutional Law § 4—    standing to question constitutionality of statute**

A party must demonstrate that an enactment will prejudice his rights before he can question the constitutionality of the enactment.

**5. Schools § 6—    use of former high school for technical institute — injunction — sufficiency of evidence**

In this action to restrain a county and the county board of education from using a former high school building for a technical institute, the trial court properly granted defendants' motions for nonsuit where the evidence shows that in assisting with the creation and support of the technical institute the defendants followed procedures provided by constitutional statutes.

APPEAL by plaintiffs from *Mintz, J.,* at the 9 December 1968 Session of NASH Superior Court.

Plaintiffs filed complaint 1 August 1966 against the defendant Board of Education alleging, *inter alia,* the following: That the plaintiff Parent-Teacher Association (Association) was a duly organized and existing unincorporated association of the parents and teachers of children attending Benvenue School in Nash County and that the Association was authorized to bring this action by G.S. 1-69.1; that plaintiff Johnson was a "tax paying resident of Nash County, North Carolina, and is the parent of children now assigned to attend the Benvenue School * * *."

The plaintiffs then alleged that a study of the Nash County School System had been made, the adoption of the study by defendant Board of Education as a plan of reorganization, and various steps taken pursuant to this plan culminating in leasing the relatively new building formerly known as the Benvenue High School to the State Board of Education, Department of Community Colleges, for use as an extension unit of Wilson Technical Institute. The plaintiffs alleged that irreparable harm would be done if the defendant Board of Education was not restrained from converting the facility from its former use to use as a technical institute.

A temporary restraining order was granted at the time of filing the complaint but was dissolved on 8 August 1966 when the matter was heard on the question of whether it should be made permanent.

On 9 August 1968, pursuant to appropriate petition and order, plaintiffs filed amendments to their complaint, alleging that the

former high school building had been converted and the Nash Technical Institute was being operated in it; that tax funds of Nash County were being used for maintenance of the building. Plaintiffs alleged that operation of the Nash Technical Institute is not a necessary expense within the meaning of Article VII, § 6 of the North Carolina Constitution and that the use of public funds for operation of the Institute is contrary to Article IX, § 5 of said Constitution.

On 8 August 1966, defendant Board of Education filed its original answer alleging numerous facts in explanation of its conduct and on the same day moved to dismiss plaintiff Association from the action. On 16 August 1968, defendant Board of Education answered plaintiffs' amendments, denying that any of its actions exceeded its authority.

On proper motion by defendant Board of Education, and pursuant to G.S. 1-69, Nash County was made a party by order dated 9 September 1968. It answered on 4 November 1968, substantially adopting the answer filed earlier by defendant Board of Education.

By consent the case was heard by Mintz, J., sitting without a jury. The judgment, dated 8 January 1969, allowed defendants' motions made at close of all evidence to dismiss as to the Benvenue Parent-Teacher Association and for judgment as of involuntary nonsuit. Plaintiffs and defendants gave notice of appeal; however, appeal was perfected only by the plaintiffs.

*Don Evans for plaintiff appellants.*

*I. T. Valentine, Jr., for defendant appellee Nash County Board of Education, and James W. Keel, Jr., for defendant appellee Nash County.*

BRITT, J.

The first question posed is whether the Nash Technical Institute is a part of the public school system of North Carolina.

Although the educational unit discussed is referred to in the record and briefs by several names — Nash Technical Institute, Nash Technical Institute Extension Unit, etc. — the pleadings and evidence indicate that it is actually an extension unit of the Wilson Technical Institute. Nevertheless, we will refer to the unit by the name that defendants, for obvious reasons, choose to call it.

[1]    Plaintiffs contend that the lease of the facility formerly occupied by Benvenue High School to the State Board of Education

for adult education and vocational training, and the expenditure of funds by the Nash County Board of Education for this purpose, violates Article IX, § 5 of the North Carolina Constitution, which provides in pertinent part: "All moneys, stocks, bonds, and other property belonging to a county school fund * * * shall belong to and remain in the several counties, and shall be faithfully appropriated for establishing and maintaining free public schools in the several counties of this State * * *." Plaintiffs contend that the Nash Technical Institute is not a "public school."

"A school is an institution consisting of a teacher and pupils, irrespective of age, gathered together for instruction in any branch of learning, the arts or the sciences." *Weisse v. City of New York,* 32 N.Y.S. 2d 258, 178 Misc. 118. A school is public when it is open and public to all in the locality. 78 C.J.S., Schools and School Districts, § 1, p. 606. It is true that the "public schools" are normally envisioned as institutions for the instruction of the young, and that institutions for education beyond the high school level are not usually thought of as part of the "public schools"; however, this mode of thought does not amount to a constitutional prohibition of use of the terms "public schools" to include adult or technical education.

The expenditure of funds by Nash County for maintenance of the building used by Nash Technical Institute is fully authorized by statutes (G.S. 115-234, et seq.) and is not at odds with the meaning or purpose of Article IX, § 5 of the North Carolina Constitution. *Harris v. Board of Commissioners,* 274 N.C. 343, 163 S.E. 2d 387.

Plaintiffs introduced in evidence certain stipulations entered into between counsel for plaintiffs and counsel for defendants; among these were the following:

"14.   The aforesaid adult educational unit provides vocational, technical, and general adult training for persons 18 years old or older. Persons are now enrolled in that school who are over 21 years of age.

15.   There are 730 students enrolled at Nash Technical Institute Extension Unit. Of that number, 93 pay tuition of $32.00 per quarter. The others pay only a nominal 'supplies fee,' or nothing at all."

The record contains other evidence as to persons served or proposed to be served by the unit.

We conclude from the record before us that the Nash Technical Institute is a part of the public school system of North Carolina.

**[2, 3]**   Plaintiffs next contend that the expenditure of funds by

defendant county for operation of the Nash Technical Institute without a vote of the people violates North Carolina Constitution Article VII, § 6. We disagree.

Though not determinative of legal necessity, a glance at the appropriations of practically all governmental units indicates the understanding by the general public of the practical necessity of educational expenditures.

Necessity in this case is within the purview of the discussion in *Harris v. Board of Commissioners, supra.* The Constitution of North Carolina requires the General Assembly to provide for a general and uniform system of public instruction. Article IX, § 2. In fulfilling this purpose, the General Assembly may act through the agency of the county. When the county acts as agent of the State in carrying out legislative enactments, its actions fall within the authority granted by Article IX, § 2 of the Constitution. Moreover, operation of the public school system has been held to be a necessary expense, not requiring a vote of the people. *School District v. Alamance County,* 211 N.C. 213, 189 S.E. 873. As noted above, adult and technical education may reasonably be considered a part of the public school system.

[4] Plaintiffs contend that the superior court erred in dismissing the Benvenue Parent-Teacher Association from the action. This contention is overruled. It is a well-established principle that a party must demonstrate that an enactment will prejudice his rights before the party can question its constitutionality. 2 Strong, N. C. Index 2d, Constitutional Law, § 4, p. 186. 16 Am. Jur. 2d, Constitutional Law, § 119, p. 310. The Parent-Teacher Association made no showing of a direct injury in this case.

[5] Finally, plaintiffs contend that the trial court erred in granting defendants' motion for judgment of involuntary nonsuit.

The burden was on plaintiffs to prove that the acts of defendants complained of in the complaint and amendments thereto were wrongful or unlawful. When the parties had rested their cases, the evidence of plaintiffs, together with the evidence of defendants not in conflict therewith but which tended to make clear or explain plaintiffs' evidence, showed that defendants in assisting with the creation and support of Nash Technical Institute carefully followed procedures provided by the statutes, which statutes do not offend the State Constitution. Therefore, we hold that the allowance of the motion was proper and the judgment appealed from is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.