JOHN L. DEWEY ET AL., APPELLANTS, V. MONTESORRI EDUCATIONAL CENTER, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

178 N. W. 2d 792

Filed July 17, 1970.   No. 37547.

Krause, Inserra, Petersen & Burkhard, for appellants.

Stern, Harris, Feldman & Becker, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and CHADDERDON, District Judge.

CHADDERDON, District Judge.

The plaintiffs, John L. Dewey, Phyllis J. Dewey, and Arch W. Fulton, hereinafter called plaintiffs, brought this action to restrain Montesorri Educational Center, Inc., a Nebraska corporation, John W. Adair, Lavonne Plambeck, and Mrs. A. B. (Irma) Rogers, hereinafter called the defendants, from using a plat of ground described by metes and bounds and known as 12602 Pacific Street, Omaha, Nebraska, as a preschool nursery busi-

ness. The trial court dismissed plaintiffs' petition and they have appealed.

The plaintiffs own all the property abutting on the property of the defendants on the east and north, and the property of the plaintiffs is zoned by the city of Omaha as First Residential. The property of the defendants is zoned by the city of Omaha as Second Suburban.

Second Suburban zoning by the city of Omaha provides, among other things, for the following uses: "* * * 6. Schools, elementary and high * * * 9. Hospitals and institutions of an educational, philanthropic or eleemosynary nature."

The plaintiffs allege that the defendants are using their property as a business for profit for a preschool nursery business and not as an elementary school or an educational institution, which business is prohibited under the zoning ordinances. They further allege that this use by the defendants of their property destroys the desirability of the property of the plaintiffs, and that their property has and in the future will diminish in value, and that they have no adequate remedy at law.

The defendants have in the neighborhood of 50 children in the morning, and 50 children in the afternoon, ages 3 to 6, who come to their property for prekindergarten training, and about 15 2-year-old children on Saturday for the same purpose.

There are two assignments of error, but both of these raise the point of whether or not the defendants' use of their property is acceptable under the zoning ordinances of the city of Omaha.

Where the provisions of a zoning ordinance as to the uses of the property which are permitted are expressed in common words without enlargement, restriction, or definition, they are to be interpreted according to their accepted meaning. Henke v. Zimmer, 158 Neb. 697, 64 N. W. 2d 458; City of Sidney v. Lieberman, 178 Neb. 755, 135 N. W. 2d 452.

The plaintiffs in their brief and argument rely princi-

pally upon the fact that the operation of the defendants' business is not a school as described in the Nebraska statutes, and, further, that the operation is not an educational institution as described in section 9 of the ordinance.

The evidence before the trial court shows that the school "is a school program that is aimed primarily to introduce a child to a lifetime of creative learning. It aims to develop in them the tools for learning, such as curiosity, extended powers of concentration, a positive attitude toward learning itself, and the habits of attending, of initiating and completing tasks. Perhaps the central idea is to surround the child with an appropriate curriculum of learning materials and tasks that enable the child to acquire the conviction that he can learn on his own, and build up within him a positive attitude toward learning and self-confidence in himself as a learner."

It is true that this exact proposition has never been decided by this court, and it is also true that other states differ in their interpretation of zoning ordinances similar to this.

In Livingston v. Davis, 243 Iowa 21, 50 N. W. 2d 592, the court said: "Although public elementary schools include only kindergarten and the first eight grades, we see no reason why private elementary schools may not include such a school as defendants operate. Public elementary schools include the first school the public provides for beginners—kindergarten. Why may not private elementary schools likewise include the first school they provide for beginners—the nursery school?"

A school or educational institution is a place in which persons are instructed in the arts and the process or manner of training youth for their stations in life.

We hold that the private school operated by the defendants is a school or educational institution, and the use of the defendants' property for such is not a violation of the zoning ordinances of the city of Omaha.

The question of whether a school for the teaching of esthetic dancing or other pursuits is a school or institution of education is a matter which must be decided under the facts in each individual case.

We affirm the decision of the district court.

AFFIRMED.